# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 777 HOLDINGS, LLC, an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:25-cv-308-JAR |
| RONALD L. FRAZE, an individual, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the Court on the motion to remand of plaintiff 777 Holdings, LLC ("plaintiff" or "777 Holdings") seeking the return of this case to the District Court of Love County, Oklahoma, based on the failure of defendant Ronald L. Fraze ("Mr. Fraze") to meet his burden of proving diversity of citizenship for purposes of establishing subject matter jurisdiction. [Dkt. 9]. Mr. Fraze timely responded in opposition. [Dkt. 10].

## I.    DISCUSSION

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (*citing* 28 U.S.C. § 1441(a)). However, a federal court must remand a removed action back to state court "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id*. (*quoting* 28 U.S.C. § 1447(c)). Statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed,

1

and all doubts are resolved against removal. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). Thus, the party invoking federal jurisdiction bears the burden of proving its existence by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

In removing this case, Mr. Fraze invoked federal jurisdiction under 28 U.S.C. § 1332. *See* [Dkt. 2]. The amount in controversy requirement is satisfied because plaintiff's petition seeks, among other relief, "[a]ctual and punitive damages in excess of $75,000[.]" [Dkt. 2-1 at 8, § A]. *See Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970) ("Ordinarily, the amount in controversy is to be determined by the allegations of the complaint[.]"). The parties' dispute concerns the second requirement, complete diversity of citizenship. Under Oklahoma law, an LLC is an unincorporated association or proprietorship and, for diversity purposes, takes the citizenship for all its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.* ("*Siloam*"), 781 F.3d 1233, 1234, 1237-38 (10th Cir. 2015) (applying Oklahoma law). Thus, unlike a corporation, an LLC's citizenship is not determined by its state of organization or principal place of business, but by the citizenship of each of its members. *Id*. at 1237-38.

The removing party must therefore plead and, if challenged, prove the citizenship of each member distinctly and affirmatively. *Id*. at 1238; *Middleton*, 749 F.3d at 1200. Allegations of residence are not enough; citizenship turns on domicile, and domicile requires residence coupled with an intent to remain indefinitely. *See Middleton*, 749 F.3d at 1200-01. In addition, the relevant time period for determining

the existence of complete diversity is the time of the filing of the complaint. *Siloam*, 781 F.3d at 1239; *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-72 (2004). As the petition here was filed on July 17, 2025, *see* [Dkt. 2-1 at 1], the Court must determine whether Mr. Fraze has established complete diversity as of that date.

The state-court petition alleges that 777 Holdings is an Oklahoma limited liability company with its principal place of business in Love County, Oklahoma, and that Mr. Fraze is an individual residing in Texas who, at all relevant times, was a 50% member and manager of 777 Holdings. [Dkt. 2-1, ¶¶ 1-2]. The petition further alleges that, on April 1, 2025, the holders of the remaining 50% membership interest voted to expel Mr. Fraze as a member. [*Id.*, ¶ 25]. Plaintiff seeks, among other relief, a declaration that Mr. Fraze's expulsion was lawful and effective. [*Id.*, ¶¶ 55-57]. In his notice of removal, Mr. Fraze relies on plaintiff's allegations that he was expelled and no longer a member to support diversity jurisdiction. *See* [Dkt. 2, ¶ 3(A)(I)-(IV)]. In his subsequent answer, however, Mr. Fraze denies the validity of the purported April 2025 expulsion. [Dkt. 6, ¶¶ 4, 7, 24-28, 66].

Plaintiff argues that because Mr. Fraze now (at least implicitly) claims membership in the LLC, his Texas citizenship must be attributed to 777 Holdings for jurisdictional purposes, thereby defeating diversity. *See* [Dkt. 9 at 3-4, 7]. The Court does not adopt that proposition as an automatic rule. Diversity is determined by the facts as they existed at the time of filing, not simply by whichever litigation position a party later advances. *See Siloam*, 781 F.3d at 1239; *Grupo Dataflux*, 541 U.S. at 570-72. Thus, the fact that Mr. Fraze claims he remained a member does not itself

conclusively establish LLC citizenship for purposes of § 1332.

At the same time, Mr. Fraze's response does not cure the jurisdictional defect. While he asserts that plaintiff's own petition indicates diversity of citizenship, *see* [Dkt. 10, ¶ 7], the petition also makes clear that the validity and effectiveness of the expulsion are centrally disputed issues in the case. Further, Mr. Fraze has submitted no operating agreement, affidavit, or other competent jurisdictional evidence showing that the purported April 1 and April 15 actions were legally sufficient to terminate his membership before suit was filed. Under Tenth Circuit precedent, the removing party's burden is not satisfied by pointing to disputed allegations while failing to supply evidence that distinctly and affirmatively establishes the operative citizenship facts. *See* *Siloam*, 781 F.3d at 1238-39; *Middleton*, 749 F.3d at 1200.

Even assuming for purposes of argument that Mr. Fraze ceased to be a member before July 17, 2025, the record still does not establish the citizenship of each remaining member of 777 Holdings as of that date. Mr. Fraze asserts in briefing that James and Michel Lemons are citizens of Oklahoma and points to the filing of this action in Oklahoma as further support, but he offers no competent evidence of their domiciles beyond these bare assertions and inferences. *See* [*id.*, ¶¶ 6-7, 15]. Because an LLC's citizenship depends on the citizenship of all of its members, the absence of competent proof as to the citizenship of each remaining member is independently fatal to removal jurisdiction. *See* *Siloam*, 781 F.3d at 1237-39.

Mr. Fraze asks the Court to hold an evidentiary hearing or to conduct additional fact-finding concerning his membership status, invoking authority that

4

emphasizes the duty of federal courts to ensure the existence of diversity before proceeding.[1] The Court agrees that jurisdictional facts must be examined carefully, but the cited authorities do not alter the removing party's threshold burden at the outset of litigation. Although Mr. Fraze, as the removing party, was required both to *plead* and to *prove* the operative facts establishing complete diversity, his own pleadings point in opposite directions—his notice of removal relies on plaintiff's allegations that he is no longer a member, while his answer contests the expulsion and implicitly asserts that he remains one—and he has proffered no evidence showing either that his membership was lawfully terminated before filing or that all remaining members were citizens of a different state as of that date. Moreover, Mr. Fraze's membership status is not a collateral detail but a central issue raised in plaintiff's claims for declaratory relief and injunctive protection of its governance and operations. *See* [Dkt. 2-1, ¶¶ 55-63]. Requiring this Court to adjudicate that dispute through an evidentiary proceeding merely to determine whether diversity exists would effectively force it to resolve core merits questions before its jurisdiction has

---

[1] Mr. Fraze relies on *Ambac Assur. Corp. v. Fort Leavenworth Frontier Heritage Cmtys., II, LLC*, No. 15-cv-9596-DDC-JPO, 2017 U.S. Dist. LEXIS 39019 (D. Kan. Mar. 17, 2017), and *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296 (10th Cir. 2025), for this proposition. [Dkt. 10, ¶¶ 10, 14]. In *Ambac*, the district court confronted a complex, multi-layer LLC structure in a contract action and requires the plaintiff to amend to properly plead the citizenship of all LLC members, doing so against the backdrop of a significantly more developed jurisdictional record. 2017 U.S. Dist. LEXIS 39019, at *1-5. *ADA Carbon* likewise did not arise at the initial removal stage. There, the district court had proceeded to summary judgment in a dispute over a Delaware LLC and a Wyoming LLC when the Tenth Circuit determined the existing record was insufficient to trace the citizenship of all relevant LLC and trust members through each layer of ownership and therefore vacated and remanded for limited factual findings on jurisdiction. 146 F.4th at 1299-1303. Neither decision altered the Tenth Circuit's settled rule that the party invoking federal jurisdiction bears the burden to distinctly and affirmatively establish the citizenship of each LLC member as of the filing date and that all doubts must be resolved against removal. *See Siloam*, 781 F.3d at 1237-39; *Middleton*, 749 F.3d at 1200; *Pritchett*, 420 F.3d at 1094-95.

5

been established, contrary to both the structure of § 1332 and the allocation of the burden to the removing party.

Accordingly, the Court concludes that Mr. Fraze has failed to establish complete diversity of citizenship under 28 U.S.C. § 1332. The Court reaches that conclusion not because it automatically attributes Mr. Fraze's citizenship to 777 Holdings based solely on his inconsistent claims of membership, but because Mr. Fraze has not carried his burden to prove either that he was no longer a member on July 17, 2025, or, alternatively, the citizenship of each remaining member as of that date. Given the presumption against removal and the removing party's burden to prove federal jurisdiction, remand is required under 28 U.S.C. § 1447(c).

The Court further declines, on the present record, to award plaintiff its attorney's fees and costs under § 1447(c). Although removal was ultimately unsuccessful, the Court concludes that it was not objectively unreasonable given the legal and factual uncertainty surrounding Mr. Fraze's membership status and the timing and effect of his purported expulsion. *See* *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

## II.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to remand [Dkt. 9] is hereby **GRANTED**.

IT IS FURTHER ORDERED that this action be **REMANDED** to the District Court of Love County, Oklahoma.

IT IS FURTHER ORDERED that plaintiff's request for attorney's fees and

6

costs under 28 U.S.C. § 1447(c) be **DENIED**.

DATED this 30th day of April, 2026.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE